FORET, Judge.
This is a suit by plaintiff, individually, and as the natural tutrix of the minor child, Robert Lee Chew[1] for medical expenses and damages for personal injuries allegedly sustained by Chew while he was incarcerated in the Rapides Parish jail. After trial on the merits, the trial court rendered judgment in favor of the defendant dismissing plaintiff’s suit at his costs. Plaintiff has filed this devolutive appeal.
Plaintiff’s petition alleges that he was arrested for burglary on or about July 25, 1974, in Rapides Parish, and has been incarcerated in the Rapides Parish jail ever since that date. On Saturday, May 31, 1975, while so incarcerated, the toilet in the cell block where plaintiff was being detained became stopped up, and the water from the toilet flooded the floor. Plaintiff alleges that this fact was called to the attention of the jailer in charge, but that for a period of three days this condition was not repaired and water continued to flood, creating a slippery and hazardous condition. Plaintiff alleges that on May 31, 1975,[2] he slipped and fell upon a gas heater, burning himself severely about his body, which injury was promptly reported to the jailer in charge. Plaintiff alleges that he was not given prompt medical attention although the fact of his injury had been brought to the attention of the jailer in charge.
Defendant filed an exception of non join-der of an indispensable party, to-wit, the Rapides Parish Police Jury. The trial court overruled this exception prior to trial on the merits, and that matter is not before us.
We will first examine plaintiff’s claim for damages based on his allegation that he did not receive prompt medical attention after having been burnt. The evidence indicates that plaintiff burned himself at approximately 9:30 A.M. The charity hospital records which were introduced into evidence indicate that he was brought to the hospital at approximately 12:30 P.M. on May 24, the date of the alleged accident. Neither the hospital records nor the photographs introduced in evidence indicate that plaintiff’s burns were of a severe nature. Accordingly we find no merit in plaintiff’s claim in that regard.
Addressing ourselves to the issue of defendant’s negligence, we quote from the reasons for judgment handed down by the trial court:
“The Court heard the witnesses for the plaintiff and found that their testimony was generally in conflict and inconsistent. The defendant called on behalf of the defendant the chief deputy sheriff, who is in direct charge of the jail, and also Mr. John H. Randall, the chief jailer, and Mr. Edward Blair Ozier. Their testimony indicated that although the burning incident took place because notification was given to them, that there was no complaint as to a stoppage of the plumbing. The Court is convinced from the procedure indicated by the evidence, namely, that if there had been any stoppage that it would have been reported, that the building superintendent would have been involved. Mr. Ozier stated that when he was called in about the burning, that he saw no flooding, and that no complaint was made of any flooding. He indicated that the floor might have been damp, but he saw no water on the floor.
“In any event, the Court is of the opinion that the plaintiff has not proved that it is more probable than not that he slipped because of anything on the floor; and in *1153 any event there was no proof that if the floor was damp or anything was on the floor, that it was due to the negligence of the sheriff or anyone working for the sheriff or in a position with the sheriff’s office or the Parish of Rapides . . ”
The issues presented in this case are factual only and a review of the record leads us to the same conclusion as that reached by the trial court, and we have no difficulty in affirming the decision of the trial court.
All' costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.

. The suit was originally brought by Mary Louise Norris as the tutrix of Robert Lee Chew, who was a minor on the day of the alleged accident. However, subsequently Robert Lee Chew attained his majority and was substituted as party plaintiff in place of his mother.

. Plaintiff has subsequently amended his petition to allege the accident date as being Saturday, May 24, 1975.